

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, | § |
| | § |
| vs. | § CRIMINAL ACTION NO.: 7:08-0216-MGL |
| | § |
| CAMERON ONEIL ANDERSON, | § |
| Defendant. | § |

**MEMORANDUM OPINION AND ORDER
DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE**

## I.   INTRODUCTION

Pending before the Court is Defendant Cameron Oneil Anderson's (Anderson) pro se motion to reduce his sentence based on the enactment of the enactment of the First Step Act and the Fourth Circuit's decision in *United States v. McCoy*, 981 F.3d 271 (4th Cir. 2020). Having carefully considered the motion, the response, the reply, the record, and the applicable law, it is the judgment of the Court Anderson's motion will be denied.

## II.  FACTUAL AND PROCEDURAL HISTORY

In March 2008, the Grand Jury indicted Anderson on four counts of Hobbs Act extortion and robbery in violation of 18 U.S.C. § 1915(a) (Counts One, Three, Five, and Seven), and four counts of knowingly using and carrying a firearm during and in relation to, and possession of the firearm in furtherance of a crime of violence, in violation of 18 U.S.C. §§ 924(c)(1)(A) and 2

(Counts Two, Four, Six, and Eight).  Other counts were lodged against his codefendants, Vincent Shamont Rogers (Rogers) and Christopher Channing Clayvon.

On July 15, 2008, a jury found Anderson guilty on all eight counts.  The Court sentenced Anderson to 1,035 months of incarceration.  This term of imprisonment consisted of fifty-one months as to Counts One, Three, Five, and Seven, eighty-four months consecutive as to Count Two, three-hundred months consecutive as to Count Four, three-hundred months consecutive as to Count Six, and three-hundred months consecutive as to Count Eight.  On March 17, 2015, before the passage of the First Step Act, the government made a motion to reduce Anderson's sentence pursuant to Fed. R. Crim. P. 35(b) based on his cooperation and willingness to testify at the retrial of one of his codefendants.

The Court, on April 22, 2015, granted the government's Rule 35(b) motion and resentenced Anderson to a total of 240 months.  The new sentence consisted of twenty-four months for each Hobbs Act robbery count, to run concurrently, and fifty-four months for each Section 924(c) violation, to run consecutively.  Thus, Anderson's new 240-month sentence consisted of twenty-four months for the Hobbs Act robbery counts and 216 months for the Section 924(c) violations.

Anderson is currently housed at United States Penitentiary (USP) Yazoo City (Yazoo), and has a projected release date on or about June 17, 2025.  He requests an oral argument for his motion; however, inasmuch as the parties' briefs adequately informed the Court of their positions, the Court exercises its discretion to adjudicate the motion without a hearing.  *See* S.C. District Court Local Rule 7:08 ("Hearings on motions may be ordered by the [C]ourt in its discretion.  Unless so ordered, motions may be determined without a hearing.").  Accordingly, the Court, having been fully briefed on the relevant issues, will now adjudicate the motion.

**III.     STANDARD OF REVIEW**

A court may modify a term of imprisonment under only three specific circumstances.  First, a court may modify a sentence as "permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure."  18 U.S.C. § 3582(c)(1)(B); *see also* Rule 35 (allowing a reduction in sentence upon a motion by the government based on substantial assistance from the defendant or within fourteen days of the sentence when there is a clear error in the sentence).  Second, a court may modify a sentence when the imposed "term of imprisonment [is] based on a sentencing range that has subsequently been lowered by the Sentencing Commission."  18 U.S.C. § 3582(c)(2).

And third, 18 U.S.C. § 3582(c)(1)(A)(i), as amended by the First Step Act of 2018, permits modification of a term of imprisonment upon motion of the defendant after he "has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of [thirty] days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]"  18 U.S.C. § 3582(c)(1)(A)(i).  If "extraordinary and compelling reasons warrant such a reduction" and the reduction "is consistent with applicable policy statements issued by the Sentencing Commission[,]" the Court may reduce a defendant's term of imprisonment and may impose a term of probation or supervised release that does not exceed the unserved portion of the original term of imprisonment.  *Id.*  This statute also provides the Court must consider "the factors set forth in [S]ection 3553(a) to the extent that they are applicable[.]"  *Id.*

The applicable Sentencing Commission policy statement referenced in Section 3582(c)(1)(A) is found at U.S.S.G. § 1B1.13 ("Reduction in Term of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A)").  U.S.S.G. § 1B1.13 provides that the Court may reduce a term of imprisonment if the Court determines 1) "extraordinary and compelling reasons warrant the

3

reduction,"; 2) "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g),"; and 3) "the reduction is consistent with this policy statement." U.S.S.G. §1B1.13.  However, U.S.S.G. § 1B1.13 addresses motions for reductions that are filed by the Director of the BOP and it does not contain a policy statement that specifically addresses motions for reductions that are filed by an inmate defendant.

The Fourth Circuit recently issued a published opinion providing guidance on the arguments district courts can consider in determining whether "extraordinary and compelling" reasons exist to grant compassionate release. *McCoy*, 981 F.3d 271.  In *McCoy*, the Fourth Circuit discerned "[t]here is of now no 'applicable' policy statement governing compassionate-release motions by defendants under the recently amended § 3582(c)(1)(A), and as a result, district courts are 'empowered . . . to consider *any* extraordinary and compelling reason for release that a defendant might raise.'" *Id.* at 284 (quoting *United States v. Zullo*, 976 F.3d 228, 230 (2d Cir. 2020)).

The court in *McCoy* also held when considering whether extraordinary and compelling reasons exist for a sentence reduction, district courts are permitted to consider the "unusual length of the sentence[,]" as well as the "gross disparity between [the sentence as originally entered] and the sentence[] Congress now believes to be an appropriate penalty for [a defendant's] conduct." *McCoy*, 981 F.3d at 285 (internal citation omitted).  Ultimately, the determination of whether extraordinary and compelling reasons exist in a particular case is a question reserved to the sound discretion of the district court.

**IV.    DISCUSSION AND ANALYSIS**

As discussed above, the Court may reduce a defendant's sentence if it concludes extraordinary and compelling reasons warrant such a reduction. *See* 18 U.S.C. § 3582(c)(1)(A)(i); *McCoy*, 981 F.3d at 284.  The Court must also consider the factors in 18 U.S.C. § 3553(a) "to the extent that they are applicable." *Id.* § 3582(c)(1)(A).

  *A.    Whether Anderson presents extraordinary and compelling reasons warranting a reduction of his sentence*

Anderson presents two main arguments in support of his contention extraordinary and compelling reasons warrant a sentence reduction.  First, he avers "his current sentence . . . represent[s] a sentencing disparity when compared to [similarly situated] defendants who were sentenced after the enactment of the First Step Act."  Mot. at 3.  The government agrees with this assertion and notes "there is a disparity between [Anderson's] sentence and other similarly situated defendants, [as] he is currently serving ten years LESS than similarly situated defendants [who would be sentenced for the same crimes today]."  Resp. in Opp'n at 3.

Here, as noted above, Anderson is currently serving fifty-four months consecutive for each of his four Section 924(c) convictions (totaling eighteen years of his twenty-year sentence).  As noted by the government, however, a similarly situated defendant sentenced today for four similar Section 924(c) gun-brandishing convictions would be sentenced to eighty-four months consecutive for each conviction, totaling twenty-eight years of incarceration.  Consequently, the Court rejects Anderson's argument, as a similarly situated defendant would serve a sentence ten years longer in length than Anderson, not less time.

Next, Anderson argues the facts of his case, in light of the Fourth Circuit's decision in *McCoy*, demonstrates extraordinary and compelling reasons justifying a reduction in his sentence. In particular, Anderson directs the Court's attention to his youth at the time of the underlying

criminal activity (nineteen years old), the lack of a prior criminal history, the fact he has served a significant percentage of his sentence, and evidence of his participation in prison rehabilitation courses.  The government avers, on the other hand, the fact Anderson is currently serving a sentence totaling ten years less than a similarly situated defendant under like circumstances fails to rise to the level of extraordinary and compelling.

As noted above, the Fourth Circuit, in *McCoy*, concluded "district courts are 'empowered . . . to consider *any* extraordinary and compelling reason for release that a defendant might raise.'" *McCoy*, 981 F.3d at 284 (quoting *Zullo*, 976 F.3d at 230).  In particular, the *McCoy* court discerned district courts are permitted to consider the unusual length of a sentence, as well as the gross disparity "between those sentences and the sentences Congress now believes to be an appropriate penalty for the defendants' conduct."  *Id.* at 285.

Here, although Anderson was nineteen "years old at the time of his [o]ffenses and [had] no prior history of violence[,]" Mot. at 3, he is "actually serving a shorter sentence than similarly situated defendants."  Resp. in Opp'n at 6.  It cannot be said Congress would think Anderson's sentence excessive.  Thus, the Court agrees with the government's conclusion Anderson's case, when viewed under the lens of *McCoy*, fails to present extraordinary and compelling reasons to warrant a sentence reduction.

      **1.**  ***Whether Anderson's motion for compassionate release is different than Rogers's motion for compassionate release***

Anderson also notes this Court previously granted one of his codefendant's, Rogers, motion for compassionate release based on the Fourth Circuit's analysis and holding in *McCoy*. *See United States v. Vincent Shamont Rogers*, 7:08-cr-0216-MGL (D.S.C. Aug. 10, 2021) (Rogers Order).  Anderson is correct: this Court did grant Rogers's motion for compassionate release, but the facts and circumstances of Anderson's motion greatly differ from Rogers's.

By way of background, a Grand Jury indicted Rogers on three counts of Hobbs Act extortion and robbery in violation of 18 U.S.C. § 1915(a) (Counts One, Three, and Five), and three counts of knowingly using and carrying a firearm during and in relation to, and possession of the firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A) and 2 (Counts Two, Four, and Six).

On July 15, 2008, a jury found Rogers guilty on all six counts. The Court sentenced Rogers to 730 months of incarceration. This term of imprisonment consisted of forty-six months as to Counts One, Three, and Five, eighty-four months consecutive as to Count Two, three-hundred months consecutive as to Count Four, and three-hundred months consecutive as to Count Six. The Court, on August 6, 2014, granted Rogers's Section 2255 motion and vacated his sentence.

After this Court granted Rogers's Section 2255 motion and vacated his sentence, he "pled guilty to Counts One, Two, Three, and Five of the indictment pursuant to a binding three-hundred-month plea agreement under Rule 11(c)(1)(C)." Rogers Order at 2. Thus, under Rogers's new plea agreement, he "pled guilty to a single count under [Section] 924(c), and therefore was not subject to the enhancement for multiple [gun] violations[.]" *Id.* at 5–6.

This Court ultimately granted Rogers's motion for compassionate release because he had already served a period of time greater than the high end of the guideline range if he were resentenced for the same crimes. *See id.* at 6–7 (noting how "at the high end of the guideline range, [a sentence of] seventy-one months [for the Hobbs Act offenses], plus eighty-four months for a single [Section] 924(c) offense, would yield a total of 155 months" and Rogers had served approximately 156 months at the time of the order's issuance."). In Anderson's case, however, if resentenced today, his sentence would be ten years longer than it currently stands due to his four Section 924(c) counts, a factual scenario quite different than his codefendant Rogers.

### B.     *Whether the Section 3553(a) factors weigh in favor of release*

As noted above, the Court, in considering a motion for compassionate release, must consider the factors under 18 U.S.C. § 3553(a), as required by 18 U.S.C. § 3582(c)(1)(A). These factors include "the nature and circumstances of the offense and the history and characteristics of the defendant;" "the need for the sentence . . . to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;" "to afford adequate deterrence to criminal conduct . . . [and] to protect the public from further crimes by the defendant;" "the kinds of sentences available;" "any pertinent policy statement[;]" "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct;" and "the need to provide restitution to any victims of the offense." 18 U.S.C. § 3553(a).

The Fourth Circuit recently noted in a published opinion, "the text of 18 U.S.C. § 3582(c)(1) does not specify what conclusion a district court must draw from the § 3553(a) factors in order to grant a motion for compassionate release" and "§ 3582(c)(1) merely requires district courts to 'consider[]' the relevant § 3553(a) factors." *United States v. Kibble*, 992 F.3d 326, 331 fn 3 (4th Cir. 2021) (quoting 18 U.S.C. § 3582(c)(1)). Thus, "this language [provides] the district courts with procedural guardrails for exercising their discretion, not creating a substantive prerequisite to compassionate release." *Id.*

Here, the Court concludes the Section 3553(a) factors weigh heavily against release. The nature of Anderson's offense, robbery and firearms, is serious. Introducing firearms into the mix of a robbery results in heightened danger for all those involved. Although Anderson was nineteen years old at time of his crime spree, releasing him at this point in time would fail to promote respect for the law. And, most importantly, as discussed at length in this Order, releasing Anderson would create unwarranted sentencing disparities among defendants with similar records who have been

found guilty of similar conduct. Consequently, based on the Court's analysis and balancing of the Section 3553(a) factors, a reduction in sentence to release Anderson would be inappropriate.

*****

Lastly, although the Court will deny Anderson's motion, it commends him for participating in self-help and education programs at USP Yazoo. *See* Reply at 2. The Court hopes the benefits of those programs assist him with his eventual release into society.

### IV.    CONCLUSION

Wherefore, based on the foregoing discussion and analysis, it is the judgment of the Court Anderson's motion to reduce his sentence is **DENIED**. Furthermore, Anderson's motion for a hearing is **DENIED** as well.

**IT IS SO ORDERED.**

Signed this 22nd day of February 2022, in Columbia, South Carolina.

s/ Mary Geiger Lewis<br>
MARY GEIGER LEWIS<br>
UNITED STATES DISTRICT JUDGE